UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| A.B. BY NEXT FRIEND,<br>RACHELLE BURNETT,<br><br>   Plaintiffs,<br><br>v.<br><br>PACIFIC CYCLE, INC. AND<br>WAL-MART STORES EAST, L.P.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.: 3:06-CV-266<br>)     (VARLAN/SHIRLEY)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

This civil action is before the Court on the defendants' Motion for Summary Judgment [Doc. 12]. Plaintiffs, A.B. and next friend Rachelle Burnett ("Plaintiffs"), claim that A.B. was injured in a bicycle accident because of the negligence of the defendants. [Doc. 1] Specifically, Plaintiffs allege that defendant Pacific Cycle, Inc. ("Pacific") was negligent in its design and manufacture of the bicycle, rendering the bicycle defective and unreasonably dangerous. [*Id*. at ¶¶ 9-13] Plaintiffs further allege that defendant Wal-Mart Stores East, L.P. ("Wal-Mart") was negligent in the assembly, marketing, distribution, and sale of the bicycle in question. [*Id*. at ¶¶ 14-16] In their motion for summary judgment, the defendants argue that, pursuant to Fed. R. Civ. P. 56, they are entitled to judgment as a matter of law because Plaintiffs cannot prove that the bicycle was defective or unreasonably dangerous, nor can they prove that A.B.'s injury was caused by the alleged defect. Plaintiffs have not responded to the instant motion and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

The Court has carefully reviewed the pending motion, along with the supporting brief in light of the entire record and controlling law. For the reasons set forth herein, the defendants' motion for summary judgment will be granted.

I. **Relevant Facts**

In approximately December, 2000, Plaintiffs purchased a Mongoose DXR / MGX mountain bike (the "Bicycle") from the Jefferson City, Tennessee Wal-Mart. [Doc. 1 at ¶ 5] The Bicycle was fully assembled when purchased. [Doc. 13, Attachment 2 at p. 3] The Bicycle's front wheel was equipped with a quick release mechanism which allows the front wheel to be detached. [Doc. 1 at ¶ 8] Plaintiffs never manually removed the front wheel from the Bicycle. [Doc. 13, Attachment 2 at p. 3, 5] Other than simple maintenance, including inflating the tires and oiling the chain, no work was ever performed on the Bicycle while in Plaintiffs' possession. [*Id*. at p. 4]

A.B. rode the Bicycle frequently in the following years, varying from once a week to once every few days. [Doc. 13, Attachment 4 at p. 5] A.B. normally only rode the Bicycle in Plaintiffs' driveway, yard, and at a nearby church. [*Id*. at p. 4] In June, 2004, Plaintiffs went on a camping trip and brought the Bicycle. [Doc. 13, Attachment 3 at p. 6] The Bicycle was transported to the campground in the back of Plaintiffs' truck. [*Id*.] The wheels were not removed while the Bicycle was in transit to the campground. [*Id*.] Plaintiffs arrived at the campground on the afternoon of June 24, 2004. [*Id*.] A.B. did not ride his bicycle on June 24, 2004, but did ride it some on June 25,2004 with no difficulty. [*Id*.] On June 26, 2004, A.B. again rode his bicycle around the campground, but this time had an accident and

sustained a severe injuries to his face and head. [*Id.*] A.B. remembers "riding [the Bicycle] back to the campsite, and then . . . looking over and seeing this big family, and then everything went black." [Doc. 13, Attachment 4 at p. 7] A.B. does not remember how the accident happened. [*Id.*] The accident was witnessed by an unknown camper [*Id.* at p. 8], but there is no evidence of record that the unknown camper has ever been identified. At the time of the accident, A.B. was just riding along on a smooth, gravel road, and was not trying to perform any tricks. [*Id.* at p. 10] A.B. does not remember whether the front wheel of the Bicycle came off before or after the accident. [*Id.*]

## II. **Standard of Review**

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that

3

is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

### III. Tennessee Product Liability Act

Plaintiffs claim that Pacific was negligent in the design, manufacture, and sale of the Bicycle and caused the Bicycle to be in a defective or unreasonably dangerous condition at the time of the sale in violation of the Tennessee Product Liability Act ("TPLA"). Plaintiffs further allege that Wal-Mart was negligent in the assembly, marketing, distribution, and sale of the Bicycle and caused the Bicycle to be in a defective or unreasonably dangerous condition at the time of the sale in violation of the TPLA.

In order to recover against a manufacturer or seller under the TPLA, a plaintiff must prove that the product in question was "in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a). The TPLA defines a "defective" condition as "a condition of a product that renders it unsafe

4

for normal or anticipatable handling and consumption." Tenn. Code Ann. § 29-28-102(2). The TPLA defines "unreasonably dangerous" as a product

> dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition.

Tenn. Code Ann. § 29-28-102(8). "These statutory definitions essentially codify the 'consumer expectation test' as the basis in Tennessee for assessing products liability." *Tatum v. Cordis Corp.*, 758 F. Supp. 457, 461 (M.D. Tenn. 1991).

"Thus, regardless of the theory, the plaintiff must show that something is wrong with a product that makes it defective or unreasonably dangerous." *Bradley v. Danek Medical, Inc.*, No. 96-3121, 1999 U.S. Dist. LEXIS 6449, at *25 (W.D. Tenn. Mar. 29, 1999) (citations omitted). Additionally, the plaintiff must show that the alleged defect or unreasonably dangerous condition of the product was both the proximate cause and the cause in fact of the plaintiff's injury. *Pride v. BIC Corp.*, 218 F.3d 566, 580 (6th Cir. 2000). "[A] device failure or malfunction will not, without more, render a manufacturer liable." *Bradley*, 1999 U.S. Dist. LEXIS 6449, at *25 (citing *Harwell v. American Medical Sys., Inc.*, 803 F. Supp. 1287, 1298 (M.D. Tenn. 1992)). "Moreover, the fact that plaintiff was injured is not proof of defect." *Id.* (citing *Fulton v. Pfizer Hosp. Products Group, Inc.*, 872 S.W.3d 908, 911 (Tenn. Ct. App. 1993).

5

In the instant case, Plaintiffs have presented no proof in support of their claims, instead relying solely on their complaint. The plaintiffs' complaint, even if accepted as true for purposes of summary judgment, consists of allegations which are not acceptable proof under Rule 56. Mere notice pleading is not sufficient to defeat a well-pled summary judgment motion. *See Garth v. University of Kentucky Medical Center*, No. 92-5177, 1992 U.S. App. LEXIS 14677, at *3-4 (6th Cir. June 16, 1992) ("To survive a motion for summary judgment, [the plaintiff] was required to do more than rest on her pleadings; she was required to demonstrate that a genuine issue for trial existed."); *Teamsters Local Union No. 486 v. Andersen Sand and Gravel Co.*, No. 82-1124, 1983 U.S. App. LEXIS 13044, at *6 (6th Cir. May 11, 1983) ("Where the district court has afforded a party opposing summary judgment under Rule 56 an opportunity to set forth specific facts showing there is a genuinely disputed factual issue for trial and that opportunity has been ignored, summary judgment is appropriate if the movant has carried his burden of proof."). After reviewing the record in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have failed to carry their burden and that the defendants' motion for summary judgment should be granted.

Plaintiffs have not established that the alleged defect or unreasonably dangerous condition of the Bicycle was the proximate cause or the cause in fact of the accident. A.B. admits that he can not remember whether the Bicycle's front wheel came off before the accident, which would effectively have caused the accident, or after the accident. [Doc. 13, Attachment 4 at p. 10] Nor is there any other evidence of record as to the cause of the accident. The Court notes that Ms. Burnett did indicate during her deposition that A.B. "told

me before that he remembered the wheel coming off and it going forward," but that testimony is inadmissible hearsay and not based upon Ms. Burnett's own personal knowledge. *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("hearsay evidence may not be considered on summary judgment").

In contrast, the defendants have presented expert testimony proving that the accident was not caused by quick release mechanism on the Bicycle's front tire and that the Bicycle was not defective nor unreasonably dangerous. [Doc. 13, Attachment 3] Accordingly, the Court finds that Plaintiffs have not carried their burden of proof with respect to identifying a defect or dangerous condition of the Bicycle and showing that the defect or dangerous condition was the proximate cause and the cause in fact of the plaintiff's injury, and thus defendants' motion for summary judgment will be granted.

## IV. Conclusion

For the reasons set forth herein, the defendants' motion for summary judgment [Doc. 12] will be **GRANTED** and Plaintiffs' claims will be **DISMISSED with prejudice**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE